Last year, US Food and Drug Administration Good afternoon, my name is McDonald. I'm here to represent what was told by this body, by the US Attorney's Office, that they had documentation at their office. Under Freedom of Information Act, I requested those documentations, and up to today, they have not received any, or precise of any documentation I requested. And as of now, they still have not proven that they have those documentation that they told this body of court that they do have at their office. And that's it. Thank you. Sorry about that. I'm always the shortest person, and last. Good morning, I'm Assistant United States Attorney Kathleen Mahoney from the Eastern District of New York. The District Court correctly dismissed this action brought under the Freedom of Information Act. As the court found, defendants did not improperly withhold agency records responsive to Mr. McDonald's request. The FOIA request that Mr. McDonald submitted to the Department of Justice in May 2015 was for the record or documents from the office of the United States Attorney, Eastern District of New York, with information on the date he returned to work that Assistant United States Attorney John Vagelatos said he had on file. And that Mr. Vagelatos told the United States Court of Appeals for the Second Circuit in case number 12-4114. Mr. McDonald's request was referring to the oral argument before a panel of this court over one and a half years earlier, on October 3, 2013, in his unsuccessful employment discrimination action against the United States Postal Service. However, the AUSA had no recollection of stating during the argument that Mr. McDonald had returned to work at the Postal Service or that he had a record in his file that showed that Mr. McDonald had returned to work after his employment was terminated. Nor would the Assistant U.S. Attorney have made such a statement because Mr. McDonald's employment had been terminated and he had not returned to work at the Postal Service. Consequently, there would not be any record in the file showing that Mr. McDonald had returned to work after his employment was terminated in 2008. Even though it appeared that there would be no document responsive to Mr. McDonald's request, in order to ensure that an adequate search for potentially responsive records was conducted, the recording of the oral argument was reviewed. The text of the entirety of the Assistant U.S. Attorney's argument portion of that argument is on pages 5 to 8 of Defendant Appellee's Brief. The recording confirmed that the Assistant United States Attorney did not state that Mr. McDonald had returned to work. Rather, he expressed he stated that Mr. McDonald did not return to work. The recording also confirmed that the Assistant United States Attorney did not refer to any document or record showing that Mr. McDonald had returned to work. The Department of Justice informed Mr. McDonald the search for records responsive to his FOIA request did not locate any responsive record. As the District Court recognized, Mr. McDonald is mistaken in his claim about what the Assistant United States Attorney said at the oral argument. The Court correctly concluded that the Department of Justice had fulfilled its obligations under the Freedom of Information Act and granted summary judgment for the defendants. Unless the Court has any questions, the government will submit the case. Roberts. Thank you. McDonald. Thank you. Roberts. Mr. McDonald, if you'll have a minute for to say anything more. McDonald. Yes. The U.S. Attorney's Office misled the courts by saying that they do have the documentations, where the Justice asked them numerous times about those documentations. And as of today, they said they don't have it, but they told the Court they do have it. So there's a conference where, whether they do have documentation or they misled the courts in this behalf. So I would like the Court to present them once again to see the documentation that they asked them that they had in their office to provide us with us, to provide it with them for this Court case. Roberts. Thank you. Thank you both for your arguments. The Court will reserve decision.